# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

FRANCIS NGOASONG,

      Petitioner,

v.

                            Case No. 1:26-cv-02466-MIS-GJF

TODD BLANCHE, Attorney General;
MARKWAYNE MULLIN, Secretary, U.S.
Department of Homeland Security; DAVID
VENTURELLA, Acting Director of
Immigration and Customs Enforcement;
MARY DE ANDA-YBARRA, Director of
Enforcement and Removal Operations, El
Paso Field Office, U.S. Immigration and
Customs; DORA CASTRO, Warden of
Otero County Processing Center, in their
official capacities,

      Respondents.

## <u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

**THIS MATTER** is before the Court on Petitioner Francis Ngoasong's Verified Petition for

Writ of Habeas Corpus ("Petition"), ECF No. 1, filed July 29, 2026. Respondents Todd Blanche,

Markwayne Mullin, David Venturella, and Mary De Anda-Ybarra ("Federal Respondents"),[1] filed

a Response on August 11, 2026, ECF No. 6.

Petitioner is a citizen of Cameroon who entered the United States on or around October 20,

2024. Pet. ¶ 21, ECF No. 1. Petitioner was detained and taken into custody on or around October

---

[1]     Respondent Dora Castro did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, <u>see, e.g.</u>, <u>Intriago-Sedgwick v. Noem</u>, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, <u>see</u> <u>Francisco v. Dedos</u>, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

1, 2025. Id. ¶ 24. Petitioner asserts violations of his Fifth Amendment rights and seeks immediate relief. Id. at 7-10.

Respondents argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1231 based on a June 22, 2026, Order of Removal which Petitioner did not appeal, making the order final on July 22, 2026. Resp. at 2, ECF No. 7. Respondents state Petitioner has refused to supply information for his travel documents or passport. Id.

Under § 1231, once an alien is ordered removed, the United States has a 90-day "removal period" to physically remove him from the United States. Johnson v. Guzman Chavez, 594 U.S. 523, 528 (2021) (citing § 1231(a)(1)(A)). "After entry of a final removal order and during the 90–day removal period . . . aliens must be held in custody." Zadvydas v. Davis, 533 U.S. 678, 683 (2001) (citing 8 U.S.C. § 1231(a)(2)). The 90-day window starts "on the latest of three dates: (1) the date the order of removal becomes 'administratively final,' (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement." Guzman Chavez, 594 U.S. at 528 (citing § 1231(a)(1)(B)). "Administratively final" means "once the BIA has reviewed the order (or the time for seeking the BIA's review has expired)." Id. at 534.

Petitioner was ordered removed by an Immigration Judge on June 22, 2026. Resp. at 2, ECF No. 7. Petitioner failed to file an appeal by the July 22, 2026 deadline, id., making his order of removal final on July 22, 2026, Guzman Chavez, 594 U.S. at 534.

The Court finds Petitioner remains in the mandatory detention period since it has been only twenty-two days since his order became administratively final. As he must remain in mandatory detention, there is no basis for release from custody, and his Petition is denied.

2

Accordingly, it is **HEREBY ORDERED** that Petitioner Francis Ngoasong's Petition for

Writ of Habeas Corpus, ECF No. 1, is **DENIED** without prejudice.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE