**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FRANCIS A. NGOASONG,

Petitioner,

v.

Case No. 1:26-cv-02466-MIS-GJF

GEORGE DEDOS, Warden, Torrance County Detention Facility; MARY DE ANDA-YBARRA, Field Office Director, El Paso Field Office, U.S. Immigration and Customs Enforcement; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of Homeland Security; and TODD BLANCHE, Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITIONER'S MOTION TO ALTER OR AMEND THE ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO FED. R. CIV. P. 59(e), AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Francis Ngoasong's Motion to Alter or Amend the Order Denying Petition for Writ of Habeas Corpus Pursuant to Fed. R. Civ. P. 59(e) ("Motion"), ECF No. 9, filed August 15, 2026. Respondents filed a Response on August 19, 2026 ("Response"). ECF No. 11. For the reasons that follow, the Court will **GRANT** the Motion and **GRANT** Petitioner's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1.

## I. Background

Petitioner is a citizen of Cameroon who entered the United States on October 20, 2024. Pet. ¶ 21. It appears that he was detained by immigration authorities, placed in removal proceedings under Section 240 of the Immigration and Nationality Act ("INA"), issued a Notice to Appear, and released. See id. ¶ 24. Thereafter, he timely filed an Application for Asylum and

Withholding of Removal. Id. ¶ 3. He has no criminal record and fully complied with his conditions of release. Id. ¶ 24.

Nevertheless, on October 1, 2025, Petitioner was redetained by U.S. Immigration and Customs Enforcement ("ICE") officers. Id. He has been in immigration detention ever since, and he is currently detained at the Torrance County Detention Facility in Estancia, New Mexico. Id. ¶¶ 7, 15.

On July 29, 2026, Petitioner filed a Petition for Writ of Habeas Corpus arguing that his ongoing detention violates his Fifth Amendment due process rights. Id. ¶¶ 29-35.

The same day the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Petition should not be granted. ECF No. 4. Therein, the Court stated:

> The Court notes that it has granted habeas relief to . . . petitioners held under 8 U.S.C. sec. 1226(a), 1226(c) and 1225(b) for more than six months where there was no significant likelihood of removal in the reasonably foreseeable future. See Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814 (D.N.M. July 22, 2026); Deborne v. Warden, Cibola Cnty. Corr. Ctr., No. 1:26-CV-01657-MIS-KRS, 2026 WL 1694566, at *3 (D.N.M. June 11, 2026); Mardanpour v. Warden, No. 2:26-CV-00550-MIS-LF, 2026 WL 963164, at *8 (D.N.M. Apr. 9, 2026). The Court observes that Petitioner has been detained for almost ten months; as such, the USAO's answer must demonstrate that the facts of this case warrant a departure from the Court's prior rulings.

Id.

On August 11, 2026, Respondents filed a Response arguing that Petitioner was subject to mandatory detention under 8 U.S.C. § 1231 because on June 22, 2026, an Immigration Judge issued a Removal Order which Petitioner did not appeal, making the Removal Order final on July 22, 2026. ECF No. 6.

On August 13, 2026, the Court issued an Order Denying the Petition for Writ of Habeas Corpus ("Prior Order"), finding that because Petitioner failed to timely appeal the Removal Order, he was subject to mandatory detention under 8 U.S.C. § 1231. ECF No. 7. The Court issued Final Judgment the same day. ECF No. 8

On August 15, 2026, Petitioner filed the instant Motion to Alter or Amend the Court's Prior Order, arguing that he had, in fact, timely appealed the Removal Order to the Board of Immigration Appeals ("BIA"). ECF No. 9. He also provided: (1) a Notice of Appeal date stamped by the BIA on July 20, 2026, ECF No. 9-1; (2) a Rejection of Appeal from the BIA because Petitioner failed to electronically file his Notice of Appeal, as required by the relevant regulations, ECF No. 9-2; and (3) an August 16, 2026, receipt for an electronically-filed Notice of Appeal, ECF No. 9-3. Petitioner argues that because the Court's Prior Order was based on the incorrect factual premise that he failed to timely file a Notice of Appeal of his Removal Order with the BIA, the Court should alter or amend its Prior Order under Federal Rule of Civil Procedure 59(e). Mot. at 3-4. He further argues that because he timely appealed the Removal Order to the BIA, the Removal Order is not administratively final and he is not subject to mandatory detention. Id. at 4. He notes that he has filed a motion to correct the filing defect with the BIA. Id.

In its Response, Respondents argue that Petitioner has failed to establish grounds for reconsideration under Rule 59(e). ECF No. 11 at 3-5. They argue that Petitioner's Removal Order is final because Petitioner failed to timely file a proper electronic Notice of Appeal to the BIA, and the BIA rejected the improper paper filing. Id. at 5-6. The Response notes that Petitioner filed a Motion to Accept Late Appeal with the BIA on August 15, 2026. Id. at 3.

On September 8, 2026, the Court issued an Order requiring Petitioner "to update the Court as to whether the Board of Immigration Appeals ruled on his Motion to Accept Late Appeal, and if it has, whether it granted or denied the Motion." ECF No. 12.

On September 9, 2026, Petitioner filed a Notice that the BIA has accepted Petitioner's appeal as timely filed. ECF No. 13. He attached to the Notice an Interim Order from the BIA dated September 9, 2026, stating: "The respondent's appeal of the Immigration Judge's June 22, 2026, decision is considered timely filed." ECF No. 13-1 at 2 ("Interim Order"). It further states that "[a] briefing schedule will be set." Id.

## II. Legal Standards

### a. Rule 59(e)

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion should not revisit issues already addressed or advance arguments that could have been raised previously. Id.

### b. Habeas corpus

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-

88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

The Court finds that Petitioner is entitled to relief under Rule 59(e) because the Court misapprehended the facts—specifically, the Court believed that Petitioner's Removal Order was final (and therefore his detention was mandatory).

Under the INA, the Government must remove a noncitizen within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). This removal period begins "on the latest of the following:

> **(i)** The date the order of removal becomes administratively final.
> **(ii)** If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> **(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

Id. § 1231(a)(1)(B). A removal order becomes "administratively final" when the order has been affirmed by the BIA or the time for seeking review has expired. 8 U.S.C. § 1101(a)(47)(B); Riley v. Bondi, 606 U.S. 259, 267 (2025). During the removal period, detention is mandatory. Id. § 1231(a)(2)(A).

Here, Petitioner is not subject to an "administratively final" removal order because he timely appealed the Removal Order to the BIA and the BIA has not yet rendered a decision. See Interim Order, ECF No. 13-1 at 2. As such, he is not subject to mandatory detention and the Court's Prior Order must be set aside.

The Court finds that Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court hereby adopts. Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of over ten months, with no reasonably foreseeable end in sight,[1] is excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis, 533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Dominguez v. Warden, Case No. 1:26-cv-02310-MIS-GBW, 2026 WL 2186326, at *2 (D.N.M. July 29, 2026); Yang v. Warden, Case No. 2:26-cv-02266-MIS-GJF, 2026 WL 2186338, at * 2 (D.N.M. July 29, 2026); Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026);

---

[1] As in Mardanpour, "Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years." 2026 WL 963164, at *6.

> As the Department of Justice recently stated, after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold—from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management, . . . it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." Id. (citing Executive Office of Immigration Review ("EOIR"), Adjudication Statistics: All Appeals Filed, Completed, and Pending (Nov. 18, 2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." Id. at 5271.

Segura Serrano v. Scott, CASE NO. 2:26-cv-01268-LK, 2026 WL 1674357, at *3 (W.D. Wash. 2026). In any event, Respondents present no evidence or argument that Petitioner's removal is imminent in the reasonably foreseeable future.

Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Respondents have failed to articulate a legitimate interest in Petitioner's continued detention. Therefore, the Court finds that immediate conditional release is the appropriate remedy. See Boumediene v. Bush, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. Petitioner's Motion to Alter or Amend the Order Denying Petition for Writ of Habeas Corpus Pursuant to Fed. R. Civ. P. 59(e), ECF No. 9, is **GRANTED** consistent with this Order;

2. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

3. Respondents are **ORDERED** to immediately release Petitioner Francis A. Ngoasong from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;

4. Respondents **SHALL** return all of Petitioner's seized belongings to Petitioner;

5. Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal; and

6. The Court will separately enter an Amended Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE